UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

ELISE M. O'GRADY,
             *Plaintiff-Appellant,*

v.

ZURICH HOLDING COMPANY OF
AMERICA; ZURICH AMERICAN
INSURANCE COMPANY; THE MARYLAND
CASUALTY COMPANY; STEPHEN
LEAMAN; ROLF HUPPI,
             *Defendants-Appellees,*

v.

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,
             *Party in Interest.*

No. 00-2190

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Marvin J. Garbis, District Judge.
(CA-99-2411-MJG)

Submitted: February 28, 2001

Decided: March 20, 2001

Before WIDENER, MICHAEL, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Elise M. O'Grady, Appellant Pro Se. Anthony Walter Kraus, MILES
& STOCKBRIDGE, Baltimore, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Elise O'Grady appeals the district court's order granting summary judgment in favor of Maryland Casualty Company, Zurich Holding Company of America, Zurich American Insurance Company, Rolf Huppi, and Stephen Leaman. We affirm.

O'Grady began her employment as a secretary with Maryland Casualty Company in 1990. In 1992, she was diagnosed with fibromyalgia. O'Grady claims that because she complained about an increased workload in her department, her supervisor retaliated. On June 9, 1997, O'Grady requested a transfer.

On July 1, 1997, Maryland Casualty Company offered O'Grady a position as a data input specialist. O'Grady accepted the new position, but subsequently complained that the sedentary nature of the new position caused her fibromyalgia to worsen. After O'Grady formally requested that Maryland Casualty Company accommodate her condition under the ADA, the company attempted to further accommodate her by ergonomically altering her workstation and allowing her a paid hour of cumulative exercise periods that she could use throughout the day, in addition to her regular breaks and lunch period. Despite these accommodations, O'Grady insisted on a transfer to a vacant secretarial position, which the company refused.

O'Grady filed a charge of disability discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging retaliation and failure to provide reasonable accommodation under the Americans with Disabilities Act (ADA), 42 U.S.C.A. §§ 12101 12213 (West 1995 & Supp. 2000). Subsequently, O'Grady timely filed a complaint in the district court, alleging employment discrimination in violation of the ADA.* Defendants filed motions for dismissal and/or summary judgment, which the district court granted.

---

*O'Grady asserted additional claims in the district court, but those claims are waived on appeal due to her failure to raise them in her informal brief. 4th Cir. R. 34(b).

O'Grady appealed the district court's order, accusing the EEOC of uncooperativeness and misplacing an amended complaint that she claims to have filed with the EEOC. She also appeals the district court's finding that her employer provided reasonable accommodations in compliance with the ADA. She further contends for the first time on appeal that the district court erred in failing to appoint an attorney to represent her.

First, we find that O'Grady has failed to submit clear evidence that the EEOC failed to properly perform its duties. *See United States v. Chemical Found., Inc.*, 272 U.S. 1, 14-15 (1926); *Petrelle v. Weirton Stelle Corp.*, 953 F.2d 148, 153 (4th Cir. 1991). Second, we find that O'Grady's employer made reasonable accommodations for her condition in compliance with the ADA, including assigning her to a new position as a data input specialist when she could not handle her workload as a secretary, offering her new office equipment, ergonomically altering her workstation, and allowing her a paid hour of cumulative exercise periods in addition to her regular breaks and lunch period. *See Baert v. Euclid Beverage, Ltd.*, 149 F.3d 626, 633 (7th Cir. 1998) (employer has a duty to provide reasonable accommodations, but is not obligated to provide the requested or preferred accommodation).

Finally, we find no merit in O'Grady's claim asserted for the first time on appeal that the district court erred in refusing to appoint an attorney to represent her. She claims that she contacted "hundreds of attorneys and law offices," but was unable to obtain legal representation on a contingency fee basis. O'Grady is not, however, statutorily entitled to court appointed counsel in this case. *See In re A. H. Robins Co.*, 219 B.R. 135, 143 (E.D. Va. 1998). Although, pursuant to 28 U.S.C.A. § 1915(e)(1) (West Supp. 2000), a court may request an attorney to represent any person unable to afford counsel in an in forma pauperis proceeding, O'Grady did not move to proceed in forma pauperis prior to the district court's entry of judgment. 28 U.S.C.A. § 1915(e)(1). Thus, the district court did not err in failing to request an attorney to represent O'Grady.

In conclusion, we find that the district court did not err in granting summary judgment and dismissing O'Grady's claims. Accordingly, we affirm. We dispense with oral argument because the facts and

legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*